IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY ADAMS | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-3468 |
| | : | |
| CHERYL J. STURM, ESQ. | : | |

<u>MEMORANDUM AND ORDER</u>

**Kauffman, J.**                                                                                                                    **January 14 , 2008**

Now before the Court is Defendant Cheryl J. Sturm's Motion to Dismiss the Amended Complaint for Lack of Subject Matter Jurisdiction and for Failure to State a Claim, or in the alternative, Motion for Summary Judgment.  For the reasons discussed below, the Motion to Dismiss for Lack of Subject Matter Jurisdiction will be granted.

**I.  BACKGROUND**

This action arises from a fee dispute between Defendant Cheryl J. Sturm, Esq. ("Sturm") and Plaintiff Timothy Adams ("Adams").  Assuming the truth of the allegations in the Amended Complaint, the relevant facts are as follows: Adams, appearing <u>pro se</u>, is an inmate at FCI Fairton in New Jersey, and Sturm is an attorney in Pennsylvania.  Am. Compl. ¶¶ 2-3.  On May 20, 2002, Adams hired Sturm and her law firm to file a Rule 60(b) motion and a habeas corpus petition. <u>Id.</u> ¶ 5.  The parties negotiated a fee of $15,500, which was reduced subsequently to $12,500.  <u>Id.</u> Adams alleges that Sturm filed the Rule 60(b) motion, which was denied on July 13, 2004, but that she "abandoned any attempt to fulfill [her] contractual obligation to file [his] habeas corpus motion."  <u>Id.</u> ¶¶ 11, 15, 19.  Adams later requested a partial refund of the $12,500 fee because

-1-

Sturm failed to file the habeas petition, but she "declined to agree to a partial refund" because she believed the entire fee was earned reading and reviewing Adams' subsequent court submissions for his pro se appeal of the failed Rule 60(b) motion. Id. ¶¶ 28-29.[1] Adams alleges that Sturm "used a deceptive billing procedure" by charging him for reviewing his pro se submissions and by deducting those charges from the funds allotted to the habeas corpus petition. Id. ¶¶ 30-31.

Adams filed the Complaint in this action on August 30, 2007. After Sturm filed a Motion to Dismiss on September 11, 2007, Adams obtained leave to file an Amended Complaint. On October 3, 2007, Adams filed an Amended Complaint seeking (a) a declaratory judgment that Sturm violated the American Bar Association (ABA) Rules of Professional Conduct, (b) compensatory damages in the amount of $12,500 for Sturm's repudiation of the contract, (c) punitive damages in the amount of $75,000, and (d) attorneys' fees and other expenses. Sturm filed the instant Motion on October 9, 2007.

## II.  LEGAL STANDARD

The Court will address the jurisdictional question first. See, e.g., Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n, 657 F.2d 29, 36 (3d Cir. 1981) ("A federal court is bound to consider its own jurisdiction preliminary to consideration of the merits."). As with a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court considering a "facial attack" on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) must accept all well pleaded allegations in the complaint as true. See, e.g., Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d

---

[1]  Although Adams contacted Sturm's office to inquire about legal assistance in filing his pro se appeal of the failed Rule 60(b) motion, he explains that Sturm never discussed a fee arrangement for reviewing his appeal. Am. Compl. ¶¶ 11-12.

Cir. 1977) (contrasting a "facial attack" on jurisdiction, in which the allegations of the complaint are assumed to be true, with a "factual attack" on jurisdiction, in which "no presumptive truthfulness attaches to plaintiff's allegations"). A "facial attack" contends "that the complaint fails to allege subject matter jurisdiction, or contains defects in the jurisdictional allegations." Jiricko v. Bennett, Bricklin & Saltzburg, LLP, 321 F. Supp. 2d 636, 639 (E.D. Pa. 2004) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1250, at 212-18 (2d ed. 1990)). Because Sturm contends that the Amended Complaint is facially insufficient to support diversity jurisdiction, the Court will consider the 12(b)(1) motion as a "facial attack" and accept the truth of all well-pleaded allegations of the Amended Complaint.

**III. DISCUSSION**

Pursuant to 28 U.S.C. § 1332(a), the Court has jurisdiction in diversity cases where the complaint alleges that the amount in controversy exceeds $75,000. "The amount need not be proven; rather, the amount is judged from the face of the complaint and is generally established by a good faith allegation." Golden v. Golden, 382 F.3d 348, 354 (3d Cir. 2004). However, the amount in controversy requirement "must be narrowly construed so as not to frustrate the congressional purpose behind it: to keep the diversity caseload of the federal courts under some modicum of control." Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1044-45 (3d Cir. 1993) (citing Nelson v. Keefer, 451 F.2d 289, 293-94 (3d Cir. 1971)). If it appears to a legal certainty that Adams has not met the amount in controversy requirement based on the allegations of the Amended Complaint, the Court must dismiss the action for lack of subject matter jurisdiction. See id. at 1046.

Sturm argues that the claim for $75,000 in punitive damages is frivolous.  Although a punitive damages claim can be considered in determining whether the amount in controversy requirement is met, "when a claim for punitive damages is 'patently frivolous and without foundation' because such damages are unavailable as a matter of law, that claim must be stricken from the amount in controversy."  Id. (quoting Gray v. Occidental Life Ins. Co., 387 F.2d 935, 936 (3d Cir. 1968)).  As the Third Circuit has explained, "[p]unitive damage claims are per se 'patently frivolous and without foundation' if they are unavailable as a matter of state substantive law."  Golden, 382 F.3d at 355.  Additionally, a punitive damages claim will receive close scrutiny where, as here, "such a claim comprises the bulk of the amount in controversy and may have been colorably asserted solely or primarily for the purpose of conferring jurisdiction."  Packard, 994 F.2d at 1046 (citing Zahn v. Int'l Paper Co., 469 F.2d 1033, 1033-34 n.1 (2d Cir. 1972)).[2]

Adams alleges that Sturm's actions "constitute[] an anticipatory breach and repudiation of the contract/agreement, depriving [him] of adequate representation of his due process rights to the courts."  Am. Compl. ¶ 38.  Under Pennsylvania law, however, Adams may not recover punitive damages for a breach of contract claim.[3]  See, e.g., Kinnel v. Mid-Atl. Mausoleums, Inc., 850 F.2d 958, 968 (3d Cir. 1988) (explaining that "under Pennsylvania law a breach of contract cannot result in punitive damages even though it may result in compensatory damages,"

---

[2] The original Complaint sought only compensatory damages for Sturm's alleged repudiation of the fee agreement.  Only after Sturm moved to dismiss the original Complaint because the $75,000 threshold had not been met, Adams amended his pleading to assert punitive damages of $75,000.

[3] Both parties agree that Pennsylvania law is applicable.

including cases where the breach "was 'solely motivated by a malicious intent to cause harm'" (quoting Daniel Adams Assocs., Inc. v. Rimbach Publ'g, Inc., 429 A.2d 726, 728 (Pa. Super. Ct. 1981))); Johnson v. Hyundai Motor Am., 698 A.2d 631, 639 (Pa. Super. Ct. 1997) ("The law of Pennsylvania clearly provides . . . that punitive damages are not recoverable in an action solely based upon breach of contract." (citing Thorsen v. Iron & Glass Bank, 476 A.2d 928, 932 (Pa. Super. Ct. 1984))).  Accordingly, the claim for punitive damages must be stricken from the Amended Complaint as legally frivolous.  See Packard, 994 F.2d at 1046.  Because Adams' only remaining claim is for $12,500 based on the violation of the fee agreement, it appears to a legal certainty that the amount in controversy requirement cannot be met, and the Court need not determine whether the Amended Complaint states a claim upon which relief can be granted.[4]

**IV.  CONCLUSION**

For the reasons discussed above, the Motion to Dismiss for Lack of Subject Matter Jurisdiction will be granted.  An appropriate Order follows.

---

[4] Although claims for attorneys' fees and expenses must be included in the jurisdictional amount if the fees are authorized by statute, see Suber v. Chrysler Corp., 104 F.3d 578, 585 (3d Cir. 1997), Pennsylvania, with three narrow exceptions not applicable in this case, does not permit recovery of attorney's fees and expenses as part of an award of damages. See, e.g., Precision Door Co. v. Meridian Mut. Ins. Co., 353 F. Supp. 2d 543, 555 (E.D. Pa. 2005).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TIMOTHY ADAMS** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 07-3468 |
| | : | |
| **CHERYL J. STURM, ESQ.** | : | |

## ORDER

**AND NOW**, this          day of January, 2008, upon consideration of Defendant's Motion to Dismiss the Amended Complaint for Lack of Subject Matter Jurisdiction and for Failure to State a Claim, or in the alternative, Motion for Summary Judgment (docket no. 13), Plaintiff's Responses thereto (docket nos. 14, 15, 17), and Defendant's Reply (docket no. 16), it is

**ORDERED** that the Motion to Dismiss for Lack of Subject Matter Jurisdiction is **GRANTED**, and the Clerk of the Court shall mark this case **CLOSED**.

BY THE COURT:


 S/ BRUCE W. KAUFFMAN
 BRUCE W. KAUFFMAN, J.